**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JIMMY SHANE CANTRELL, ADC # 98730                                 PLAINTIFF

v.                              1:16CV00075-BRW-JJV

ARKANSAS DEPARTMENT
OF CORRECTION, et al.,                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Jimmy Shane Cantrell ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 3) Mr. Cantrell says in 2014 his parole was revoked for not having an approved residence. (Doc. No. 3 at 3) Since that time, he has been at the Grimes Unit of the Arkansas Department of Correction where he says he is "afraid to file any grievances or claims in the state courts due to what is known as the prison mailbox rule not being followed by them." (*Id.*) He says, "I have had a pleading in the Arkansas State Courts denied, or not heard, due to the clerk alleging it was filed a day late, even though it was mailed five days before it was due, and when it normally takes only two days from [the] Varner Unit to Little Rock." (*Id.*) He concludes, "Some county court clerks, or any form of state court clerks purposely file prisoner pleadings late, when they were there timely. Some pleadings are obstructed by prison officials." (*Id.*) Mr. Cantrell answers the obvious solution of not waiting until the last minute to file pleadings by stating, "We prisoners often need the full and complete statute of limitations period to complete and file complaints or pleadings of any form." (*Id.*)

Because the Arkansas Supreme Court Judges are responsible for the rules, Mr. Cantrell says,

they have failed to make rules for fair accessibility for inmates. (*Id.*) He further says that Defendants "have and will continue to conspire to deny [prisoners] access to the courts." (*Id.*) Mr. Cantrell believes he will continue to suffer harm because of missed deadlines in state court.

Mr. Cantrell also makes general claims about the inadequacies of the prison law library. He says he has been denied sufficient legal supplies, (*Id.* at 5), been denied adequate access to the law library, and the library computer programs and equipment are all unacceptable. (*Id.* 5-6, 13-15)

## II.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

## III.   ANALYSIS

As an initial matter, Mr. Cantrell has alleged multiple, unrelated claims which are unsuited to prosecution in a single action.  *See* Fed. R. Civ. P. 20(a)(2). I will analyze his first claim regarding access to courts.  Mr. Cantrell's other claims - failure to protect claims (*Id.* 6), claims of deliberate indifference to his serious medical needs (*Id.* 7-9, 16-22), property claims (*Id.* 8), retaliation claims (*Id.*), failure to train claims (*Id.* 10-11), false disciplinary claims (*Id.* 11-13), conditions of confinement claims (*Id.* 16) - should be dismissed without prejudice so he may file them in a separate case if he so chooses.  None of these claims are sufficiently related to proceed in a single action, and Plaintiff should not be allowed to defeat filing fee requirements by joining multiple causes of action in one suit. I also note that Mr. Cantrell has previously been assessed two "strikes" for filing frivolous actions or actions that failed to state a claim upon which relief may be granted[1]. So he should also not be allowed to defeat the "three strikes" provision of the Prison Litigation Reform Act.

As far as Mr. Cantrell's claims relate to the Arkansas Supreme Court Judges, his Complaint fails to state a claim upon which relief may be granted.  Judges who are sued under § 1983 are immune from liability for damages for judicial acts they perform, as long as they do not act in "absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-7 *reh'g denied*, 436 U.S. 951 (1978), *citing Bradley v. Fisher*, 13 Wall. 335, 351 (1872).  In *Stump*, the Court explained that a judicial act is a function normally performed by a judge when the parties are dealing with the judge in his judicial capacity.  Mr. Cantrell's allegations against the Arkansas Supreme Court Judges fall squarely within their judicial capacities.  Accordingly, they should be dismissed from this cause of action on the basis of judicial immunity.

---

[1] Jimmy Shane Cantrell v. D Bogard, et al., 4:04-cv-00577-GTE; Jimmy Shane Cantrell v. Mike Huckabee, et al., 4:06-cv-00037-SWW.

Mr. Cantrell's Complaint is extensive. So giving him all benefit of the doubt, I have reviewed his Complaint with an eye toward including any possible named defendant as being associated with his access to court claims. Other Defendants that could possibly be included are the Arkansas Department of Correction[2], Wendy Kelley, Marvin Evans, Larry May, Warden Weekly, Warden Bradley, Warden Banks, and the Doe Defendants.

Inmates undeniably enjoy a constitutional right of access to the courts and the legal system. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). To protect that right, prisons must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Myers*, 101 F.3d at 544.

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish that the state has not provided the inmate with an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlaying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008). An inmate sustains an actual injury when a nonfrivolous legal claim has been frustrated or impeded. *Id*. Alleging theoretical inadequacies is insufficient. *Id.* The inmate must show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement, which because of the inadequacies in the prison law library, the prisoner could not have known, or that the prison law library was so inadequate that it prevented him from filing a complaint for actual harm. *Lewis v. Casey*, 518 U.S.

---

[2]With regard to the Arkansas Department of Correction, I note that Mr. Cantrell says he actually sued the "Arkansas Department of Corruption." (Doc. No. 6) Either way, this Defendant should be dismissed outright. Section 1983 authorizes suits against any "person" acting under color of state law who subjects a citizen to the deprivation of constitutional rights. The agency known as the Arkansas Department of Correction is not an entity subject to suit under 42 U.S.C. § 1983.

343, 351 (1996); *Myers*, 101 F.3d at 544.

Here, Plaintiff does not state specifically how he was actually hampered in his attempt to bring a specific suit. He states he is "afraid" to file state cases and grievances because he may miss a deadline. (Doc. No. 3 at 3) He also states he frequently needs the maximum amount of time allowed to properly pursue his claims. (*Id.* at 5) Aside from conclusory allegations, Plaintiff does not point to one specific example of any Defendant actually preventing him from proceeding. Plaintiff also does not specify what injurious effect he has encountered as a result of Defendants' actions. It is not enough for Plaintiff to vaguely allege that his attempts to bring a claim were impeded and frustrated. Such pleading by labels and conclusions will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007).

Moreover, the United States Supreme Court has held that the constitutional right of access to the courts requires that prison authorities provide the resources "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (U.S. 1996).

Plaintiff was required to specify exactly how Defendants' actions caused delays and frustrated a non-frivolous claim. He has failed to do so. Accordingly, I find Plaintiff has failed to allege a constitutional violation.

Even if Mr. Cantrell could articulate a sufficient access to courts claim, the Arkansas Supreme Court Judges immune from §1983 liability for damages for judicial acts they perform, as long as they do not act in "absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-7 *reh'g denied*, 436 U.S. 951 (1978), *citing Bradley v. Fisher*, 13 Wall. 335, 351 (1872). And

6

Plaintiff's allegations against the remaining Defendants also fail to state a claim upon which relief may be granted. Mr. Cantrell's claims for monetary damages against them are barred by sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). I recognize Plaintiff has also sued them in their individual capacities and has requested injunctive relief. (Doc. No. 3 at 2 and 22) These claims should still be dismissed because as alleged they are based exclusively on a theory of *respondeat superior* and such suits are not cognizable under section 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). An individual cannot be held liable solely on the action or inactions of his subordinate. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); see also *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007)("[A] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement."); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993)(section 1983 liability requires some personal involvement or responsibility).

Lastly, I note Plaintiff seeks declaratory relief in the form of a "declaration that the acts and omissions described [in his Complaint] violated Plaintiff's rights under the constitution and the laws of the United States and the laws of the State of Arkansas." (Doc. No. 3 at 22.) Plaintiff's request for declaratory judgment should be denied because his claims lack merit and he is seeking only to have Defendants' past conduct declared unlawful. *See Corliss v. O'Brien*, 200 Fed. Appx. 80, 84 (3rd Cir. 2006) ("Declaratory judgment is inappropriate solely to adjudicate past conduct.").

## IV. CONCLUSION

I have carefully reviewed his Complaint and accompanying documents and find Plaintiff has failed to state a claim upon which relief may be granted.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 3) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 28th day of June, 2016.

                                                JOE J. VOLPE
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."